IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND and HOWARD McDOUGALL,<br><br>    Plaintiffs,<br><br>    v.<br><br>MAPCO SAND AND GRAVEL CO., a Minnesota partnership; RICHARD CARLSON, an individual; and JOHN KARSKO, an individual,<br><br>    Defendants. | Case No.<br><br>District Judge<br><br>Magistrate<br><br>FILED: JUNE 17, 2008<br>08CV3475<br>JUDGE NORGLE<br>MAGISTRATE JUDGE VALDEZ<br>TG |

## COMPLAINT

Plaintiffs Central States, Southeast and Southwest Areas Pension Fund (the "Pension Fund") and Howard McDougall, one of its trustees, for a cause of action against Defendants Mapco Sand and Gravel Co., a Minnesota partnership, Richard Carlson, an individual, and John Karsko, an individual, allege as follows:

## JURISDICTION

1.   This is an action for collection of withdrawal liability, interest and penalties incurred by an employer as a result of a withdrawal from a multiemployer pension plan.

2.   This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. §1001 et seq (1982).  This court has jurisdiction over this action under

sections 502(e), 502(f), and 4301(c) of ERISA, 29 U.S.C. §§ 1132(e), 1132(f), and 1451(c).

3. Venue lies in this court under sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§ 1132(e)(2) and 1451(d), in that the Pension Fund is administered at its principal place of business in Rosemont, Illinois.

## PARTIES

4. The Pension Fund is a multiemployer pension plan within the meaning of sections 3(37) and 4001(a)(3) of ERISA, 29 U.S.C. §§1002(37) and 1301(a)(3).

5. Plaintiff Howard McDougall is a trustee and fiduciary of the Pension Fund within the meaning of section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A), and he and his fellow trustees are the plan sponsor of the Pension Fund within the meaning of section 4001(a)(10) of ERISA, 29 U.S.C. §1301(a)(10). The Trustees administer the Pension Fund at 9377 West Higgins Road, Rosemont, Illinois.

6. Pursuant to sections 502(a)(3) and 4301(a)(1) of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1451(a)(1), the Trustees, by and through their designated trustee, Howard McDougall, are authorized to bring this action on behalf of the Pension Fund, its participants and beneficiaries for the purpose of collecting withdrawal liability.

7. Defendant Mapco Sand and Gravel, Co. ("Mapco") is a Minnesota partnership. Defendant is an "employer" and a "party-in-interest" as those terms are defined by, respectively, Section 3(5) and 3(14)(c) of ERISA, 29 U.S.C. §§1002(5) and 1002(14)(c).

8. Defendant Richard Carlson is, at all relevant times, a general partner of

Mapco.

9.   Defendant John Karsko is, at all relevant times, a general partner of Mapco.

## CLAIM FOR RELIEF

10.   During all relevant times, Mapco was bound by collective bargaining agreements with a local union affiliated with the International Brotherhood of Teamsters, under which Mapco was required to make contributions to the Pension Fund on behalf of certain of its employees.

11.   On or about October 21, 2006, Defendant Mapco permanently ceased covered operations thereby effecting a "complete withdrawal" as defined in Section 4203 of ERISA, 29 U.S.C. § 1383.

12.   As a result of this complete withdrawal, Defendant Mapco incurred withdrawal liability to the Pension Fund in the amount of $14,779.68 as determined under Section 4201(b) of ERISA, 29 U.S.C. § 1381(b).

13.   On or about January 21, 2008, Defendant Mapco received a notice and demand for payment of withdrawal liability issued by the Pension Fund in accordance with Sections 4202(2) and 4219(b)(1) of ERISA, 29 U.S.C. §§ 1382(2) and 1399(b)(1).  The notice and attached invoice notified Defendant that it was required to discharge its liability in a lump sum of $14,779.68 or in 22 monthly payments of $689.20 beginning on February 1, 2008 with a final payment of $236.08 due on December 1, 2009.

14.   On or about February 13, 2008 Defendant Mapco received notice from the Pension Fund that its withdrawal liability payments were past due, and which forewarned

Defendant of the consequences of its failure to pay such liability pursuant to Section 4219(c)(5)(A) of ERISA, 29 U.S.C. § 1399(c)(5)(A).

15.  Defendant Mapco did not timely initiate arbitration pursuant to Section 4221(a)(1) of ERISA, 29 U.S.C. § 1401(a)(1). Consequently, the withdrawal liability amount demanded by the Pension Fund is due and owing pursuant to Section 4221(b)(1) of ERISA, 29 U.S.C. § 1401(b)(1).

16.  Defendant Mapco has failed to make the withdrawal liability payments to the Pension Fund and is in default within the meaning of Section 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5).

17.  As a general partner of Mapco, Defendant Richard Carlson is liable for Mapco's debts, including Mapco's withdrawal liability owed to the Pension Fund.

18.  As a general partner of Mapco, Defendant John Karsko is liable for Mapco's debts, including Mapco's withdrawal liability owed to the Pension Fund.

**WHEREFORE**, Plaintiffs Central States Southeast and Southwest Areas Pension Fund and Howard McDougall, one of its present Trustees, request the following relief:

A.  A judgment against Defendants Mapco Sand and Gravel Co., a Minnesota partnership, Richard Carlson, an individual, and John Karsko, an individual, and on behalf of Plaintiffs, pursuant to Sections 502(g)(2) and 4301(b) of ERISA, 29 U.S.C. §§ 1132(g)(2) and 1451(b), for:

    1.  $14,779.68 in withdrawal liability;

    2.  interest on the entire amount of the withdrawal liability assessment

computed and charged at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth (15th) day of the month for which the interest is charged;

      3.     an amount equal to the greater of the interest on the withdrawal liability or liquidated damages of twenty percent (20%) of the unpaid withdrawal liability; and

      4.     attorney's fees and costs.

    B.    Post-judgment interest computed and charged at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth (15th) day of the month for which the interest is charged;

    C.    For such other or different relief as this Court may deem proper and just.

Respectfully submitted,

/s/ Laura B. Bacon
Laura B. Bacon
Attorney for Plaintiffs
Central States, Southeast and Southwest
Areas Pension Fund
9377 W. Higgins Road, 10th Floor
Rosemont, Illinois 60018-4938
(847) 518-9800, ext. 3704
ARDC No. 6288982
lbacon@centralstatesfunds.org